IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JENNIFER THOMAS, )
)
            Plaintiff, )
)
    v. ) No. 06-3269-CV-S-WAK
)
ERIC MANN, )
)
           Defendant. )

### ORDER

    In March 2006, plaintiff Jennifer Thomas filed suit in the Circuit Court of Taney County, Missouri, for personal injuries obtained as the result of a vehicle accident in October 2004. After service of process, defendant Eric Mann timely filed a notice of removal to the United States District Court for the Western Division of Missouri, Southern Division. Plaintiff now requests the case be sent back to the state circuit court because the amount in controversy does not meet federal jurisdictional requirements.

    A state case may be removed to federal court if the case would have been within the original jurisdiction of the federal court when it was filed. 28 U.S.C. § 1441. If subject matter jurisdiction is lacking, however, the case must be remanded to the state court. 28 U.S.C. § 1447(c). Defendant removed this case based upon diversity of citizenship, under 28 U.S.C. § 1332, which requires (1) that the case be between citizens of different states, and (2) that the amount in controversy be $75,000.00 or more. Here, there is no dispute the parties are citizens of different states.

    The removing defendant has the burden of demonstrating that removal to federal court is appropriate. Thomas v. Brown and Williamson Tobacco Corp., 2006 WL 1194873 (W.D. Mo. April 28, 2006). Whether the amount-in-controversy requirement is satisfied, however, is a jurisdictional issue the court must determine. Trimble v. Asarco, Inc., 282 F.3d 946, 959 (8th Cir. 2000).

In her petition, plaintiff does not specify the amount of damages she seeks, but asserts the amount in controversy exceeds $25,000.00. She requests damages for injury to her back, legs and feet; past and future health care expenses; lost wages; and diminution of her earning capacity. Defendant asserts the amount-in-controversy requirement is met because plaintiff's lowest demand on the claim, prior to filing suit and defendant's removal, was $95,000.00.

In her motion, plaintiff acknowledges the higher demand during prefiling settlement negotiations, but indicates she will not be seeking damages in excess of $75,000.00, exclusive of interests and costs in this case. By affidavit, counsel states plaintiff's past medical expenses are approximately $7,200.00 and she has not currently lost any income.

Additionally, plaintiff notes defendant's highest settlement offer was $5,000.00, and she suggests this low offer indicates defendant does not truly believe the amount in controversy meets the federal jurisdictional requirement.

A plaintiff's allegations of the amount in controversy are not necessarily dispositive of the issue. State of Mo. ex rel. Pemiscot County, Mo. v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995). Further, the existence of a settlement demand does not resolve the issue, but is relevant. Gramc v. Millar Co./Schindler Enterprises, 3 F. Supp.2d 1082, 1084 (E.D. Mo. 1998).

"The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied." Gramc v. Millar Co./Schindler Enterprises, 3 F. Supp.2d at 1083. If the amount in controversy fails to meet the statutory requirement, the case must be returned to the state court. "[A]ny doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Furthermore, "[t]he removing party 'must show that it appears to a 'legal certainty' that the amount in controversy' exceeds $75,000.00." Gramc v. Millar Elevator Co./Schindler Enterprises, 3 F. Supp.2d at 1083-84. To do so, defendant must show by a preponderance of the evidence that the claim originally asserted might legally satisfy, at the time of removal, the amount-in-controversy requirement. James Neff Kramper Family v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005).

In this case, plaintiff petitions for compensation for damages, including, but not limited to, one or more of a number of listed items.[1] Her request includes past and future medical expenses, lost wages, loss of earning capacity, and injury to her back, legs and feet.

At the time of removal, she had not limited her damages to an amount under $75,000.00 and there is no evidence she provided defendant with an estimation of the lower damage amounts set forth in counsel's affidavit. To the contrary, her last settlement demand was for $95,000.00. To allow her to lower that amount now, to avoid removal, would be akin to allowing her to say "I didn't really mean it" or "I was prepared to negotiate." Davis v. Pizza Hut of America, Inc., 2006 WL 1876903 (W.D. Mo. July 5, 2006).

Given plaintiff's pleadings and settlement demands considerably in excess of $75,000.00, the court cannot say that there is a legal certainty the amount in controversy is less than $75,000.00. The jurisdictional threshold is determined by the facts available at the time the case was filed. 28 U.S.C. § 1441. Here, defendant has shown by a preponderance of the evidence that the federal jurisdictional requirement was met when the case was filed in state court and then removed to federal court. Accordingly, it is

ORDERED that plaintiff's motion of July 25, 2006, to remand to the Circuit Court of Taney County, Missouri, is denied. [6]

Dated this 12th day of September, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

---

[1] Part of this list includes expenses now and in the future "for medical supplies, medicine, and the services of physicians, nurses, hospitals, pharmacists, physical therapists, and other health care providers and related medical expenses." She separately lists "(c) Injury to her back; (d) Injury to her legs; (e) Injury to her feet; (f) Lost wages; and (g) Diminution of earning capacity." (Doc. 1-3 at 2.)

3

Case 6:06-cv-03269-WAK   Document 12   Filed 09/12/06   Page 3 of 3